# Laporte *versus* Bishop.

1. A testator devised certain real and personal estate to his wife during widowhood, directing that after her marriage or death it should be divided, and $500 given to each of four nephews, and the residue to a fifth.  He also directed that in case of his wife's marriage or death before the nephews became of the age of 21 years, the property was to be divided, and his executors to take charge of the part given to the nephews until they were 21 years of age.  The widow married while the nephews were minors, the property was converted, and the executors had charge of the proceeds :

It was *Held* that the legacies to the nephews were payable on *the marriage of the widow*, and they were entitled to interest from that time and not merely from the time of their arriving at full age.

2. It was provided in the will that if either of the nephews should not be *of sober and steady habits* at the time he was to be entitled to the legacy, then his legacy was to be divided among other persons, the executors to decide upon the subject.  *Held*, that this provision did not affect the question of *interest*.  The manner of exercising the trust was to be the same no matter to whom the legacies were eventually payable.

ERROR to the Common Pleas of *Bradford county.*

This was an action by John Laporte *v.* E. M. Bishop, deceased. The plaintiff was a legatee under the will of Gilbert Chamberlain. The question at issue was whether the plaintiff was entitled to claim interest on his legacy of $500, from the marriage of the widow of the testator, or from the time when he subsequently came of age.

G. Chamberlain, by his will, dated 25th September, 1841, bequeathed to his wife the one-half of his remaining real and personal estate, and he gave to her the use and control of the other half, with certain exceptions, as long as she lived or remained his widow.  As to the portion of the estate of which the widow was to have the use, he devised certain legacies to take effect after the marriage or decease of the widow, viz., to four of his nephews

[Laporte *v.* Bishop.]

$500 each, and the *remaining part* of the said half he bequeathed to another nephew. As to the said legacies he further directed, That if either of the said legatees (his nephews) should not be of sober and steady habits at the time they shall be entitled to the legacy, then the sum bequeathed to him was to be divided among the other children of the same family, and the executors were to decide as to whether the nephews were, from their habits, entitled to their legacies respectively; with a right of appeal to the Orphans' Court. He further directed, That in case of the marriage or death of his wife "before the above-named legatees become of the age of twenty-one years, then the property, real and personal, is to be divided, and my executors are to take charge of the part which is given to my above-named nephews, until they are twenty-one years of age, and are entitled to their respective shares," &c. He also directed, That at the time the above-named legatees became of the age of twenty-one years, should his wife remain his widow, it was to be left at her discretion whether to pay to each his legacy, or use the same until her death.

The widow became married on the 5th August, 1845. WILMOT, J., charged the jury that the plaintiff was entitled to recover interest on his legacy from *the marriage* of the widow, which occurred before his arrival at full age. Such instruction was assigned for error.

*Mercur*, for the plaintiff in error.—It was contended that the legacies not being payable till the legatees became *of full age*, and there being no provision for the payment of interest upon the legacies before they were payable, the plaintiff was not entitled to recover interest from the marriage of the widow: 4 *Rawle* 119; 7 *Harris* 54, Seibert's Appeal.

*Elwell*, for defendant in error.—The intent was, that if the widow should marry, the portion of the estate not devised to her *absolutely*, should be received by the executors in trust, and they must account for it with its accumulations. The nephew to whom the *residue* was bequeathed, like the others, was not to be entitled unless of sober habits. If he were not, his share was to go to others. It did not appear that the testator intended that after the shares were received by the executors, the residuary legatee was to have the interest on all of the shares; and the executors had no right to retain it for themselves.

The opinion of the Court was delivered by

BLACK, C. J.—Testator by his will gave certain real and personal property to his wife during widowhood, and directed that, after her marriage or decease, it should be divided, and given, $500 each, to four nephews, and the residue to a fifth one. The

[Laporte *v.* Bishop.]

testator .also directed that, in case of his wife's death or marriage before the arrival of the legatees at the age of twenty-one, then the property should be divided, and the executors should take charge of the sums given to his nephews, until they should be entitled to their respective shares. The widow married while the legatees were minors; the property was turned into money; the executors took charge of the shares; and when the claimants were twenty-one, paid the principal but refused to pay any interest. Interest was demanded from the marriage of the widow. This is a suit by one of them to try the question.

We are of opinion, as the Court below was, that the interest is demandable as well as the principal. It is to be presumed that the money, after it was received by the executors, produced a profit of six per cent. at least. If this accumulation is not to go to the several legatees in the same proportion as the principal is divided, then there can be only two other ways to dispose of it: it must all be given to the fifth nephew, who is the residuary legatee, or else the executors may keep it as their own. The latter will hardly be contended for, and the former, though not quite so absurd, would violate the apparent intention of the will almost as palpably.

It is, to be sure, the general rule, that a legacy carries no interest until the time it becomes payable by the terms of the bequest. But when were these legacies payable? The plaintiffs in error say, when the legatees became of age; but this, we think, is a mistake. They were payable upon the death or marriage of the widow. If she had lived unmarried for fifty years they could not have been demanded. As she was married while the legatees were in their minority the legacies were payable then, not into the hands of the legatees themselves, for the testator knew that an infant was not to be trusted with his own money. He provided for the contingency which has occurred, by directing his executors to take charge of it for his nephews, until they should be *sui juris*. The executors held it in trust for the legatees, had it in charge to make the best of it, and were bound to account for the profits. Their relation to the legatees was, to all ordinary intents and purposes, that of testamentary guardians.

There is a provision in the will, that if either of the legatees should not be of sober and steady habits, in the opinion of the executors, the share given to him should be divided among the other children of the same family. This is relied on as proving that interest ought not to be allowed, because it shows that the rights of the legatees could not be finally settled and determined until they came of age. But this argument will make no impression upon any one who reflects that the executors were charged with the money in trust for all the legatees who were sober and steady, and in case of one or more becoming intemperate, then the

[Laporte *v.* Bishop.]

trust was to be executed precisely in the same way, only in favor of another *cestui que trust,* substituted in the place of the first one. At the death of the widow, the property was to be divided into shares corresponding in number with the legatees. These shares were to be placed in the hands and under the charge of the executors, whose duty it thus became to invest them carefully, and pay principal and interest to each legatee as he came of age, if sober; and if not, to put the other persons designated in his place. The duty of the executors to make interest on the money is not diminished by this provision, and their right to appropriate the interest, when made, to their own use, is not increased.

On the whole, we consider the charge delivered by the Court below perfectly right in all its parts.

Judgment affirmed.